Weathergard, Inc., Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and David P. Diefenderfer, Respondents.

Argùed February 5, 1979, before Judges CRUMLISH, JR., WILKINSON, JR. and MENCER, sitting as a panel of three.

*Richard A. Bausher,* with him *Stevens & Lee,* for petitioner.

*Robert A. Weinert,* for respondent.

OPINION BY JUDGE WILKINSON, JR., March 15, 1979:

This is an appeal from a decision of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision suspending total disability compensation pursuant to Section 413(a) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772. We affirm.

Claimant sustained a work-related injury on February 28, 1973. He received total disability compensation from March 15, 1973 until benefits were suspended by order of the referee on November 12, 1976.[1] The Board concluded that "[t]he Referee's Findings of Fact Nos. 5 and 7 are not founded on sufficient competent evidence. . . ."[2]

---

[1] November 12, 1976 is the date on which a hearing was held on employer's petition for a supersedeas, which was granted. The hearing on employer's termination petition, wherein it was alleged that claimant's disability was partial and that employment within claimant's physical limitations was available, was held March 2, 1976.

[2] The Referee's Findings of Fact Nos. 5 and 7 read in pertinent part:

> 5. Defendant established that as of November 12, 1976 a full-time position as a driver was available at the Quick Service Cab Company, . . .
>
> . . . .
>
> 7. In addition to the position of driver with the Quick Service Cab Company, Defendant established that five other employment positions were available on November 12, 1976 within claimant's physical limitations and restrictions. . . .

The referee sustained the employer's request for a supersedeas on November 12, 1976, in our opinion an action not inappropriate in light of the testimony then before the referee. On behalf of the employer, a certified employment counselor testified to the availability of six specific jobs, the duties of which an orthopedic surgeon had reported were within the claimant's capabilities. The claimant testified at the supersedeas hearing that, at least with reference to the job as cab driver, he would not be physically able to perform all the necessary duties. Nevertheless, it was not at that time unreasonable for the referee to conclude that suitable employment was available justifying the grant of supersedeas.

Employer's termination petition, however, must be denied because no evidence of job availability was presented at the March termination hearing. With respect to the cab driving job the testimony supplied by the company's general manager leaves no doubt that such employment was unavailable to claimant.

Q. When [claimant] applied for a job, how many openings did you have?

A. I would say roughly 6, no more than 6.

Q. And how many applicants did you have?

A. At the time I remember I had a lot. About close to 30.

Q. Would you have hired [claimant] with his physical disability in preference to another man without any handicap?[3]

A. Are you asking me if I had my choice?

Q. Yes.

A. I wouldn't hire him because I had pretty many applicants that are physically well.

---

[3] The use of the conditional "would" in this question reflects the fact that employment for claimant with the cab company had already been precluded by a report of the cab company's insurer advising against hiring claimant.

The testimony of the general manager just quoted provides rather dramatic confirmation of an observation made by Justice MUSMANNO: "To say that an employer would take a seriously disabled person in preference to one who is without physical infirmity is to indulge in fantasy which has no place in the realism of the law." *Petrone v. Moffat Coal Co.*, 427 Pa. 5, 11, 233 A.2d 891, 894-95 (1967).

As to the other five jobs suggested by employer's witness, claimant's testimony establishes that none of them was available. Each of the remaining positions had either been filled, or required skills or qualifications not possessed by claimant.[4]

We fully appreciate that it is the referee's duty to evaluate witness credibility and resolve any conflicts raised by the evidence. However, even if the referee chose to disregard the claimant's offered proof on the issue of availability *in toto,* the record would still fail to provide substantial evidence satisfying the employer's burden of proof on this crucial issue; absent such proof claimant must be compensated as for total disability. *Yellow Freight System, Inc. v. Workmen's Compensation Appeal Board,* 32 Pa. Commonwealth Ct. 147, 377 A.2d 1304 (1977).[5]

---

[4] For example, one position found by the referee to be available was as a plant security guard for Pinkerton Security Company. The expert witness who testified that claimant could fill this job did not know he had been in and out of reform school since age 8 and had been confined in the penitentiary as a result of felony convictions.

[5] We feel it appropriate to caution that our decision in this case is fully in accord with our recent holding in *Dreher v. Workmen's Compensation Appeal Board,* 38 Pa. Commonwealth Ct. 473, 393 A. 2d 1081 (1978) that the employer is not required, under *Barrett v. Otis Elevator Co.,* 431 Pa. 446, 246 A.2d 668 (1968), to demonstrate specific job openings. In the present case, however, employer undertook just such a task rather than demonstrating general availability of suitable jobs in the relevant labor market. Thus, when

Accordingly, we will enter the following

ORDER

AND Now, March 15, 1979, the order of the Workmen's Compensation Appeal Board at No. A-72947 dated November 10, 1977 reversing the referee's suspension of compensation is hereby affirmed, and it is ordered that judgment be entered in favor of the claimant, David P. Diefenderfer, and against the petitioner, Weathergard, Inc. and/or its insurer, Pennsylvania National Mutual Casualty Insurance Co., in an amount consistent with resumption of compensation under the Notice of Compensation Payable commencing November 12, 1976, with interest on all deferred installments of 10 percent per annum with counsel fees as agreed upon by claimant and his attorney the payment of which shall be the obligation of claimant, all in accordance with the provisions of The Pennsylvania Workmen's Compensation Act.

---

claimant shows unavailability of the specific jobs shown by employer's witness we may not presume, without competent evidence of record, the availability of other similar jobs.