James C. Halloran, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board, School District of Erie and Pennsylvania Manufacturers Association Insurance Company, Respondents.

Argued December 5, 1979, before Judges CRUMLISH, JR., ROGERS and MACPHAIL, sitting as a panel of three.

*James P. Lay, III,* of *Gifford, Lay, Johnson & Ridge,* for appellant.

*Howard N. Plate,* of *Plate, Doyle, Hutzelman and Berlin,* for appellee.

OPINION BY JUDGE CRUMLISH, JR., January 31, 1980:

James C. Halloran appeals a decision of the Workmen's Compensation Appeal Board (Board) awarding benefits for partial disability. We affirm.

Halloran, a custodian for the School District of Erie (School District), sustained an accidental injury on February 6, 1974. Halloran and employer-School District executed a workmen's compensation agreement providing coverage through May 26, 1975. The final receipt was filed May 30, 1975.

The present litigation was instituted on July 2, 1975 when Halloran filed a petition to set aside the final receipt. A referee found Halloran to be totally disabled and ordered payment of benefits for total disability commencing May 27, 1975.

The School District appealed the determination to the Board and simultaneously filed a separate petition for suspension of compensation. The Board set aside the referee's order and remanded "to determine whether there is work available which claimant can perform" and then to determine (1) whether total disability should continue; (2) whether partial disability should be allowed on the basis of lost earnings; or (3) whether the suspension of compensation was proper initially.

On remand, employer offered testimony of availability of suitable employment for Halloran and medical opinion as to his ability to perform such employment. The referee concluded that, although Halloran could not return to his previous employment, "as of June 1, 1975, there was work available which claimant was capable of performing even [with] said residual disability" and awarded benefits for partial disability to commence June 1, 1975. The Board affirmed.

In a workmen's compensation case, once the claimant establishes that he is unable to do the type of work he was engaged in when injured, the employer has the burden of showing the availability of work which claimant is capable of performing. *Yellow Cab Co. v. Workmen's Compensation Appeal Board*, 37 Pa. Commonwealth Ct. 337, 390 A.2d 880 (1978).

Thus, the sole question on review is whether the evidence presented by the School District is sufficient to support the Board's determination that suitable work was available as of June 1, 1975. A careful review of the record convinces us that there is sufficient evidence to meet this burden.

The unrebutted testimony of Michael Boeh, employment counselor with Vocational Rehabilitation Services, was that from June 1, 1975 through August, 1975, positions as a telephone solicitor, debit collector for an insurance company, retail food store manager, desk clerk and insurance salesman were available to someone with Halloran's qualifications; and that at the time of the hearing, September 25, 1977, claimant could qualify for at least two available jobs—security guard and sales clerk. The unrebutted testimony of Robert K. Penman, M.D., an orthopedic surgeon, was that as of his examination on May 15, 1975, Halloran was capable of performing various jobs including, in particular, that of a telephone solicitor, desk clerk and insurance salesman. Halloran did not present evi-

dence that such jobs were not in fact available, that he was not qualified in other respects for the employment, or that he was physically unable to perform the work.

Evidence by an employer of available work which medical testimony indicates claimant should be able to perform is sufficient to carry its burden, absent some evidence by the claimant indicating his inability to perform such activity. *Chamberlain Corp. v. Pastellak*, 7 Pa. Commonwealth Ct. 425, 298 A.2d 273 (1972).

Halloran, however, contends that evidence of employment available in 1975 is so remote in time that it is irrelevant and that it deprives him of his right to rebut this testimony. We disagree.

The question before the referee was the extent of Halloran's disability subsequent to May 27, 1975. Therefore, evidence pertaining to the availability of employment from June 1, 1975 through August, 1975, was relevant to the determination. Further, the fact that Halloran no longer has the opportunity to apply for that employment is not equivalent to the denial of his opportunity to rebut. Halloran could have established his unsuitability for any particular job either by his own or expert testimony that he was physically unable to perform the work, lacked the necessary qualifications or even that he had applied for similar work and had been rejected.

Accordingly, we

### Order

And Now, this 31st day of January, 1980, the order of the Workmen's Compensation Appeal Board dated February 13, 1979, affirming the referee's award of total disability payments to James C. Halloran at the rate of $106.00 per week commencing May 27, 1975, and continuing through May 31, 1975, and partial dis-

ability payments of $45.26 per week commencing June 1, 1975 and continuing thereafter is affirmed.

Judge DiSALLE did not participate in the decision in this case.