St. Joseph Hospital, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Donna K. Stokes, Respondents.

Argued June 2, 1980, before Judges WILKINSON, JR., MACPHAIL and WILLIAMS, JR., sitting as a panel of three.

266

*Christopher S. Underhill, Hartman, Underhill and Brubaker,* for petitioner.

*T. S. Trigg,* for respondent, Donna K. Stokes.

OPINION BY JUDGE WILKINSON, JR., June 20, 1980:

Petitioner, St. Joseph Hospital (employer), appeals an order of the Workmen's Compensation Appeal Board affirming a referee's decision granting claimant's petition to set aside a final receipt.[1] We affirm.

For purposes of this appeal the facts are not in dispute and little in the way of summary is needed. Claimant sustained a compensable injury on September 19, 1977 for which she received compensation until November 14, 1977, when her treating physician released her for a return to work provided certain injury-related restrictions were observed. Shortly thereafter claimant signed a final receipt and commenced a series of unsuccessful attempts, both in person and by telephone, to secure light duty work with employer.

A single narrow legal issue is presented concerning the burden of proof an employer must sustain in order to demonstrate the availability of work within a claimant's physical limitations. More specifically, employer argues that where jobs within the claimant's capa-

---

[1] Originally filed as a claim petition, counsel for the parties agreed to its amendment at the referee's hearing.

bilities are shown to exist[2] its burden of showing the availability of work is satisfied even in a case where the claimant's applications are rejected, provided the failure to secure such employment is shown not to be related to the disability.[3]

Employer has failed to offer authority for the foregoing proposition which we hold to be without merit. As this Court held in *Weathergard, Inc. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 275, 398 A.2d 1103 (1979), where specific jobs are offered to satisfy an employer's burden on the issue of availability a claimant can vitiate the probative value of such evidence by showing that such jobs were not in fact available to the claimant.

Accordingly, we will enter the following

ORDER

AND Now, June 20, 1980, the order of the Workmen's Compensation Appeal Board at Docket No. A-76520 dated June 7, 1979 is hereby affirmed and it is ordered that judgment be entered in favor of claim-

---

[2] Employer presented little in the way of independent evidence of available work. The evidence of jobs within claimant's physical capabilities was supplied by claimant's own testimony of her repeated applications for jobs with employer. Since claimant's testimony provides few details concerning the various positions she attempted to secure with employer and no real evidence as to the nature and extent of her limitations was presented we would have to seriously question the adequacy of proof that these jobs could be performed by this claimant. *Cf. Halloran v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 144, 410 A.2d 420 (1980) where employer presented substantial evidence of available work within the claimant's physical limitations in the form of testimony from an employment counselor and a physician.

[3] Employer offered the following to explain why claimant had not been accepted for any of the positions: (1) because of an allegedly poor attendance record between the months of March and November of 1976 and (2) a vague reference to the quality of her prior service. A different case might be presented if it were found that claimant did not apply in good faith.

268

ant, Donna K. Stokes and against respondent St. Joseph Hospital and/or its insurance carrier, Insurance Company of North America in the amount of $99.50 per week from November 15, 1977 until properly terminated or modified under provisions of The Pennsylvania Workmen's Compensation Act. Interest at a rate of 10% per annum is assessed against all deferred compensation and respondent and/or its insurance carrier is directed to pay 20% of this award to claimant's counsel with the remainder to be paid to claimant.