Robert Holmes, Petitioner *v.* Workmen's Compensation Appeal Board (Pisani Brothers, Inc.), Respondents.

Submitted on briefs November 15, 1984, to Judges WILLIAMS, JR. and DOYLE and Senior Judge BARBIERI, sitting as a panel of three.

*Edward Jaffee Abes, Abes & Begler, P.C.*, for petitioner.

*Kim Darragh,* for respondent, Pisani Brothers, Inc.

OPINION BY JUDGE WILLIAMS, JR., December 28, 1984:

Robert Holmes (Holmes) petitions for review of an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision finding him to be only partially disabled. We affirm.

Holmes was last employed as a truck mechanic by Pisani Brothers, Inc. (employer). On August 22, 1978, he sustained a work-related injury to his right knee as a result of which he was found totally disabled and awarded workmen's compensation benefits of $149.89 per week. Thereafter, the employer attempted to involve Holmes in a vocational rehabilitation program but Holmes declined to participate. The employer, however, persisted in its efforts to

locate suitable employment for Holmes despite his lack of cooperation. The employer contracted with General Rehabilitation Services (GRS) to find suitable job openings near Holmes' residence. GRS was provided with medical reports on Holmes which were prepared by two of his treating physicians, Dr. Foss and Dr. Johnstone. GRS located two jobs which it felt Holmes was capable of holding: attendant in a self-service gasoline station and small-engine repairman. GRS submitted both of these jobs to Dr. Johnstone for approval or rejection. Dr. Johnstone unconditionally approved the gas station attendant's job. Although Dr. Johnstone expressed some concern over the small-engine repairman's position, he said it was "worth a try." GRS notified Holmes of both job openings by certified mail on June 17, 1981. Holmes did not apply for either job until mid-September, at which time neither job was available. On August 26, 1981, the employer filed a Petition to Modify Holmes' benefits, asserting that Holmes was no longer totally disabled. Two referee's hearings were held at which the employer presented testimony from Gregory Jakub, a representative from GRS, also presented the deposition testimony of Dr. Johnstone. On March 10, 1982, the referee granted the employer's petition and found Holmes to be only partially disabled. The referee found Holmes capable of performing the gas station attendant's job and that the job had been available to Holmes. Holmes' benefits were reduced to $60.57 per week effective June 18, 1981. Holmes appealed to the Board, which affirmed the referee. A timely petition for review to this Court was then filed by Holmes.

Before this Court, Holmes contends that the referee's finding that there was suitable work available to him is not supported by substantial evidence, and that the referee erred as a matter of law by not award-

ing him costs under Section 440 of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §996.

We initially note that where an employer moves to modify benefits, the employer has the burden of showing that work is available which the claimant is physically capable of performing. *Cugini v. Workmen's Compensation Appeal Board (Arlen Realty)*, 74 Pa. Commonwealth Ct. 470, 460 A.2d 395 (1983). Where the party with the burden of proof has prevailed before the referee, our scope of review is limited to a determination of whether necessary findings are supported by substantial evidence, whether an error of law was committed or whether any constitutional rights of the claimant were violated. *Interstate Truck Service, Inc. v. Workmen's Compensation Appeal Board*, 42 Pa. Commonwealth Ct. 22, 400 A.2d 225 (1979).

We will first examine Holmes' contention that the referee's findings that the gas station attendant's job was available and that Holmes was capable of performing that job are not supported by substantial evidence. Holmes asserts that the GRS representative, Mr. Jakub, was not qualified to testify as to the availability of suitable jobs for him. In that regard, Holmes argues that only testimony from an expert in vocational placement of handicapped workers is sufficient to show the availability of suitable work. We disagree with that argument and are satisfied that the employer's evidence is sufficient to support the referee's findings. Mr. Jakub testified he was employed as a job development specialist for GRS; that he had located the two job openings based upon the medical reports prepared by Dr. Foss and Dr. Johnstone; and that he forwarded the job descriptions to Dr. Johnstone for his approval or rejection. Dr. Johnstone's medical qualifications are not challenged, and he

found that Holmes was medically capable of performing the gas station attendant's job. Mr. Jakub testified that the attendant's job was available when he notified Holmes of it on June 17, 1981. The fact the job was unavailable *three months* later when Holmes first inquired about it does not defeat the employer's case. We acknowledge that Holmes cannot be compelled to participate in a vocational rehabilitation program, but his refusal or failure to do so will not prejudice the employer. *John F. Davis Co. v. Workmen's Compensation Appeal Board,* 47 Pa. Commonwealth Ct. 291, 407 A.2d 931 (1979). We therefore hold that the referee's findings are supported by substantial evidence.

We now examine Holmes' final contention that the referee and the Board erred as a matter of law when they failed to award him costs pursuant to Section 440 of the Act. Section 440 entitles claimants to an award of reasonable costs where the contested issue is resolved, in whole or in part, in the claimant's favor. Here, the employer sought to modify Holmes' benefits from total to partial disability due to the availability of suitable work. The employer successfully proved to the satisfaction of the referee and the Board that Holmes was medically capable of performing the gas station attendant's job and that the job was available. The fact that the referee found the small-engine repairman's job not suitable does not entitle Holmes to an award of costs under Section 440, notwithstanding the possible further reduction of benefits which may have resulted due to the higher salary associated with the repairman's job. The employer sought to modify Holmes' benefits from total to partial disability, and it was successful at doing so. Thus, the contested issue—availability of suitable work—was not resolved in Holmes' favor as to entitle him to costs.

Having found the referee's findings supported by substantial evidence and no error of law committed, we affirm the order of the Board.

### ORDER

AND Now, the 28th day of December, 1984, the order of the Workmen's Compensation Appeal Board at Docket No. A-83421, dated August 18, 1983, is hereby affirmed.