George Lang, Petitioner *v.* Workmen's Compensation Appeal Board (Deitch Company), Respondents.

Submitted on briefs March 11, 1985, to Judge MAC-PHAIL, and Senior Judges BLATT and BARBIERI, sitting as a panel of three.

John F. Becker, Sikov and Love, P.A., for petitioner.

Eugene F. Scanlon, Jr., Dickie, McCamey & Chilcote, P.C., for respondent, Deitch Company.

OPINION BY SENIOR JUDGE BARBIERI, July 29, 1985:

George Lang (Claimant) appeals here an order of the Workmen's Compensation Appeal Board (Board) which affirmed that portion of a referee's decision which reduced his compensation for partial disability from $102.15 to $77.99 effective April 13, 1982.

Claimant had been receiving compensation for total disability which resulted from a work-related injury which he suffered on April 14, 1978. Subsequently, the Deitch Company (employer) filed a petition to modify alleging that his disability had changed from total to partial disability and that there was employment available to Claimant which he was physically capable of performing. After holding three hearings, the referee found that Claimant's disability had decreased from total to an undetermined degree of partial disability and that the employer was entitled to

relief under Section 413(a) of The Pennsylvania Workmen's Compensation Act (Act).[1] The referee also found that the two jobs discovered by the employer were available to the Claimant and that he was capable of performing them.[2] The referee then ordered Claimant's compensation reduced to $102.15 effective August 27, 1981, the date upon which the gas station job became available to Claimant, and to $77.99 effective April 13, 1982, the date on which the courier's job became available. Claimant appealed to the Board the referee's finding as to the availability of the courier's job on the basis that the job required a valid Pennsylvania driver's license, which Claimant did not possess. The referee had found that he had failed to renew his driver's license without good cause. The Board affirmed the referee's decision and petition for review to this Court followed.

In this appeal, Claimant contends that the referee's findings that he failed to renew his driver's license without good cause and that the courier's job was available to him is not supported by substantial evidence and that portion of the referee's order which reduces his compensation from $102.15 to $77.99 must be reversed. Of course, where the employer seeks to modify a compensation agreement on the basis that Claimant is no longer totally disabled, the employer has the burden of proof of showing that such disability has been reduced and that there is work available which is within the Claimant's capability. *Yorktowne Paper Mills v. Workmen's Compensation Appeal Board,* 60 Pa. Commonwealth Ct. 608, 432 A.2d

---

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §772(a).

[2] The two jobs submitted by the employer were at a full-service gasoline station which was available from August 27, 1981, and paid $3.35 per hour for an initial twenty-five hour week, and (2) as a courier which became available from April 13, 1982 and paid $4.00 an hour for an initial thirty-hour week.

308 (1981). Where the party with the burden of proof has prevailed before the referee, as the employer did here, our scope of review is limited to determining whether necessary findings are supported by substantial evidence, an error of law committed, or any constitutional rights violated. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704; *Mancini v. Workmen's Compensation Appeal Board (Saldutti & Belfatti)*, 64 Pa. Commonwealth Ct. 484, 440 A.2d 1275 (1982).

Claimant's principal contention is that the referee's finding that the courier's job was available to him is not supported by substantial evidence. Specifically he contends that he could not qualify for that job as it required a valid driver's license and he did not possess one. While it is true that there is testimony indicating that Claimant, who has been without a license since 1973, could now apply for reinstatement of his operating privileges, and it is true that he did not choose to do so, we know of no requirement that if there is an offer of employment for which a claimant is not qualified, he must seek qualification and the failure to do so will satisfy the defendant's burden to show availability of suitable employment. In fact, it is settled in the law of this Commonwealth that the offer of job employment to one who is not qualified for such service does not satisfy the defendant's burden. In this connection, we stated in *Yorktowne:*

> However, where as in this case specific jobs are offered in an attempt to meet this burden a claimant can rebut such evidence by showing that the specific jobs are not in fact available because he cannot perform the work due to his disability, or *he is not qualified in other respects for the employment, . . .* (Emphasis added.)

60 Pa. Commonwealth Ct. at 611, 432 A.2d at 309-310.

548

There is no pronouncement by this Court or by any other appellate court which has been brought to our attention or which we have discovered which holds that defendant may meet his burden by offering a job for which claimant is not qualified, simply because the claimant refuses to seek qualification. In this connection, also, he has testified that he has preferred to use public transportation for many years and there is no certainty, in any event, that Claimant can pass the examination to qualify for driving privileges.

Accordingly, we will reverse the order which reduced benefits to Claimant from $102.15 to $77.99 on and after April 13, 1982.

ORDER

AND Now, this 29th day of July, 1985, the order of the Workmen's Compensation Appeal Board at Docket No. A-85222, dated December 15, 1983, is reversed, and it is ordered compensation payments at the rate of $102.15 be continued on and after April 13, 1982.

Judge MACPHAIL dissents.