Henry Woytach, Petitioner v. Workmen's Compensation Appeal Board (City of Scranton), Respondents.

Submitted on briefs June 3, 1985, to Judges ROGERS and DOYLE, and Senior Judge BLATT, sitting as a panel of three.

*George W. Teets,* for petitioner.

*William J. Hall,* for respondent, City of Scranton.

OPINION BY JUDGE BLATT, October 18, 1985:

Henry Woytach (petitioner) appeals here from an order of the Workmen's Compensation Appeal Board (Board) affirming a referee's decision modifying his compensation benefits.

The referee found that, on April 16, 1980, the City of Scranton (employer) filed with the Board a Notice of Compensation Payable to the petitioner for a dis-

ability he incurred as a result of a compensable injury sustained on February 9, 1979; that he thereafter underwent various medical procedures; and that, while as of December 30, 1980, the petitioner could not sit, walk, or stand for long periods without resting by changing position, his condition had improved to the point that he could perform sedentary or light duty work, providing that he could change positions at times, rest briefly, and would lift no more than twenty pounds. It was further found that his condition had remained the same. The referee also found that, on January 14, 1982, four specific jobs were available to him,[1] and reduced benefits on the basis that he was only partially disabled. The petitioner thereafter appealed to the Board.[2]

An employer seeking to terminate or modify a workmen's compensation award or agreement has the burden of proving that a claimant's disability has ended or been reduced and that there is work available

---

[1] The referee's fifth finding of fact reads:

5. On January 14, 1982, jobs which the claimant could do were available to him as a parking attendant at the Globe Store at $134.00 per week; as a delivery man at Olan Mills Sutdio [sic] at $67.00 per week; parking attendant at Weldwood Complex at $67.00 per week; and Picture Barn at $40.20 per week.

[2] We note that the Board's opinion indicates that it made an additional finding of fact, also challenged by the petitioner, to the effect that he had refused to apply for the positions when they were available to him. Inasmuch as the Board did not receive additional evidence, it is clear that it may not make such a finding. *Arena v. Workmen's Compensation Appeal Board (Packaging Systems Corp.),* 85 Pa. Commonwealth Ct. 553, 483 A.2d 577 (1984). The record, moreover, is devoid of any evidence that the petitioner refused to apply for the jobs in question. In light of our disposition of this case, however, based upon the facts as found by the referee, we need not address these errors.

to him within his ability. *Schiavo v. Workmen's Compensation Appeal Board (Frank's Beverages)*, 68 Pa. Commonwealth Ct. 479, 449 A.2d 816 (1982). Work for a partially disabled claimant must actually be available to him, and it must be brought to his notice by the employer. *Kachinski v. Workmen's Compensation Appeal Board*, 91 Pa. Commonwealth Ct. 543, 498 A.2d 36 (1985). And where an employer offers specific jobs in an attempt to meet its burden of establishing the availability of work, a claimant may rebut such evidence by showing that such positions were not, in fact, available to him. *St. Joseph Hospital v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 265, 415 A.2d 957 (1980); *Weatherguard, Inc. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 275, 398 A.2d 1103 (1979).

Where, as in the instant case, the party with the burden of proof prevailed before the Board, our scope of review is limited to determining whether or not there has been a violation of constitutional rights or an error of law committed, and whether or not there is substantial evidence to support the findings of fact. *Schiavo.*

In this appeal the petitioner essentially contends that there is not substantial evidence to support the referee's fifth finding of fact that the four specified jobs were available to him on January 14, 1982, and he argues that there is no evidence in the record that he had any notice of those positions on that day. He asserts that the testimony of the employer's witness, a rehabilitation coordinator, shows that the petitioner had no knowledge of these positions prior to February 22, 1982, and, moreover, that the positions were unavailable to him because they were all filled on that date.

Our careful review of the record reveals that the rehabilitation coordinator testified that she first interviewed the petitioner on January 13, 1982, and that she subsequently notified him by letter dated February 22, 1982 that the positions were available, writing that he should call her if he was interested in any of them. She further testified, however, that the four specific positions were filled as of that letter's date. We find no evidence that the petitioner had, as of January 14, 1982, any notice that the positions were available, or that they were available at the time when he finally received notice thereof.[3] We do not believe, therefore, that the positions could be said to have been available to the petitioner unless he had notice of them while they were open, and we must conclude that there is no substantial evidence to support the finding challenged here by the petitioner.

We will, therefore, reverse the order of the Workmen's Compensation Appeal Board.

ORDER

AND Now, this 18th day of October, 1985, the order of the Workmen's Compensation Appeal Board dated April 26, 1984 at Docket No. A-84580, is reversed and the Notice of Compensation Payable is reinstated. Deferred payments of compensation shall bear interest at the statutory rate.

---

[3] A position may be found unavailable to a claimant where, for example, the claimant is not qualified for the employment, has been rejected, or where the job was filled. *Yorktowne Paper Mills v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 608, 432 A.2d 308 (1981).