505 A.2d 355

Bart Green, Petitioner *v.* Workmen's Compensation Appeal Board (Ralston Purina Company and Liberty Mutual Insurance Company, Insurance Carrier), Respondents.

206

Submitted on briefs December 10, 1985, to Judges ROGERS and MACPHAIL, and Senior Judge BARBIERI, sitting as a panel of three.

*Paul J. Dellasega, Ira H. Weinstock, P.C.,* for petitioner.

*Katherine M. Mezzanotte, Thompson & Pennell,* for respondent, Ralston Purina Company.

OPINION BY JUDGE MACPHAIL, February 19, 1986:

Bart Green (Claimant) appeals an order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's decision suspending his compensation benefits. We reverse.

Claimant was employed by Ralston Purina Co. (Employer) as a line operator whose duties included lifting bags onto a machine that packed dog food and climbing a ladder and adjusting bags when the ma-

chine malfunctioned. Claimant suffered a compensable injury to his back on May 28, 1981, for which he received total disability payments. Employer subsequently filed a petition to suspend benefits effective February 8, 1982. The petition was filed pursuant to a medical report issued by Dr. Rex A. Herbert, D.O., stating that an examination of Claimant failed to reveal any objective findings to support Claimant's complaint and that in the doctor's opinion Claimant was not suffering from any physical disability.

Evidence received by the referee consisted of the deposition of Dr. Herbert, the testimony of two of Employer's supervisors and the Claimant. Claimant presented no medical evidence.

The referee made the following findings of fact:

1. The claimant was employed as a line operator when he was injured in the course of his employment. Claimant received compensation and the defendant seeks to modify and terminate compensation.[1]

2. As a line operator, the claimant was involved with a machine that would pack dog food. The job involved climbing, lifting of bags and it was a strenuous physical job.

3. The claimant testified that his condition has improved but he still has pain. The pain is greater when standing or when its [sic] raining. Its [sic] chiefly in the left side of his lower back.

4. In the claimant's opinion, he could not return to work at his previous job.

5. Defendant presented the testimony of employees of Ralston Purina who indicated that they had offered claimant a job. In my view

---

[1] The referee erred in characterizing Employer's petition as one for modification or termination of benefits. As we have already noted, Employer sought to *suspend* compensation.

of the testimony, the job offered was the claimant's previous job. The claimant refused to return to work and was subsequently fired for not working.

6. Dr. Herbert indicates that there were no objective symptons [sic] of the claimant's disability.

7. The doctor felt that the claimant should be restricted from a job which involved heavy lifting. He felt that the claimant should avoid a job which calls for excessive or repetitive bending.

The referee concluded that notwithstanding his findings of fact Nos. 2 and 7, the Employer had met his burden of proving that Claimant could return to his former job but that since there was medical evidence that some disability remained, the workmen's compensation benefits would be suspended rather than terminated.[2] The Board deferred to the referee's fact finding role in affirming the decision.

Where the Claimant is partially disabled, it is Employer's obligation, of course, to show that work is available which he is capable of performing. *Holmes v. Workmen's Compensation Appeal Board (Pisani Brothers, Inc.),* 86 Pa. Commonwealth Ct. 543, 485 A.2d 874 (1984). Where the party with the burden of proof has prevailed below, our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or findings of fact were not based upon substantial evidence. *Workmen's Compensation Appeal Board v. Young,* 18 Pa. Commonwealth Ct. 515, 336 A.2d 665 (1975).

Our review of the medical testimony, which seems to be crucial to a determination in this case, discloses

---

[2] *See supra* note 1.

that Dr. Herbert's medical opinion as to the kind of work Claimant could perform would depend upon the specific duties associated with that job.[3] Inasmuch as the medical witness was not familiar with the specific duties of Claimant's former job, he was hardly in a position to say Claimant could return to it. The referee's findings, moreover, are that Claimant's former job was "strenuous" and that Claimant should avoid a job which involved heavy lifting or excessive or repetitive bending all of which were involved in Claimant's former job.

There is no credibility issue here, it is rather a matter of reaching a logical conclusion from facts found to be true by the referee. The referee specifically found that the only job offered Claimant was the job he was performing prior to his accident. The medical witness gave an opinion that Claimant could

---

[3] On cross-examination, the following exchange took place between Claimant's attorney and Dr. Herbert:

Q. I hate to pin you down on this, but in Workmen's Comp [sic] cases it's important. Do you have any concerns at 25 pounds, any concerns at 40 pounds, any concerns at 50 pounds with respect to lifting?

A. First of all, I think that I understand that in Workmens' [sic] Compensation cases this is important, but I think that one also has to consider the repetitiveness that this is done and also consider possibly from what height to what height this is done. Whether it be from the ground to a shelf of six feet high or whether it be from a three foot conveyor belt to another three foot conveyor belt next to him; whether it be 15 times a day or three times a day. I think before I would want to answer a specific pound question like that, I would want you to provide me with some specific. . . .

Q. I understand. Before approving him for a specific job you would like to know more about it?

A. Yes, I would say before approving him for a specific job. If there was something in mind that you could look at the specific duties and get a better idea.

RR. at 45a-46a.

return to work with restrictions. Those restrictions clearly would not permit Claimant to perform his former duties. The Employer, therefore has failed to meet its burden. *Holmes.* We, accordingly, must reverse and reinstate the total disability payments.[4]

### ORDER

The Workmen's Compensation Appeal Board Order No. A-85220, dated August 24, 1983, is reversed and it is ordered that workmen's compensation benefits for total disability be reinstated. The Petitioner's claim for counsel fees is denied.

Date: February 19, 1986

---

[4] Claimant also seeks counsel fees in his appeal to this Court. We agree with the referee and the Board that Dr. Herbert's medical report did provide the Employer with a reasonable basis for contesting liability. *See Gunther v. Workmen's Compensation Appeal Board,* 66 Pa. Commonwealth Ct. 487, 444 A.2d 1342 (1982). We, accordingly, will not award attorney's fees.