531 A.2d 105

Frank L. Vinglas, Petitioner *v.* Workmen's Compensation Appeal Board (Bethlehem Mines Corporation), Respondents.

Submitted on briefs March 27, 1987, to Judges CRAIG and BARRY, and Senior Judge NARICK, sitting as a panel of three.

*Timothy P. Creany,* for petitioner.

*Robert G. Rose, Spence, Custer, Saylor, Wolfe & Rose,* for respondent.

OPINION BY JUDGE BARRY, September 16, 1987:

Frank L. Vinglas (claimant) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the referee's decision granting the modification petition of Bethlehem Mines Corporation (employer) which found the claimant partially disabled and reduced his compensation from $94.00 to $54.57 effective September 7, 1984. We reverse.

On November 3, 1972, the claimant sustained a work-related back injury for which compensation was paid under an agreement for compensation. On July 6, 1984, the employer filed a petition for modification of compensation alleging that the claimant's disability had changed from total to partial disability. After holding three hearings, the referee found that the claimant's disability had decreased from total to partial disability and that the employer was entitled to the relief sought. The referee also found that beginning September 7, 1984, work became available to the claimant which was within the vicinity of his residence and which was within the limitations imposed upon him by his 1972 compensable injury.

The claimant appealed to the Board arguing that the referee's findings as to both the diminution of disability and availability of work were not supported by substantial evidence. The Board affirmed the referee's decision and a petition for review to this Court followed.

· In this appeal, the claimant argues that the referee's findings as to the availability of work as of September 7, 1984, are not supported by substantial evidence.[1] We agree.[2]

---

[1] The employer's physician, Lucien Lewis Trigiano, M.D., testified that he examined the claimant on May 31, 1984, and further, that the claimant is able to return to work which would not require lifting more than thirty pounds and which would not require repeated bending and stooping. The claimant submitted a report from George H. Wheeling, M.D., stating that based on his examination of the claimant on October 31, 1984, the claimant is able to return to sedentary work.

Before the Board, the claimant challenged the referee's finding of fact # 9 in which he accepted the testimony of the employer's physician. Claimant does not raise this argument here, so we need only address the "availability of work" issues presented.

[2] Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed

It is well-settled that an employer seeking to modify a workmen's compensation agreement and alleging that a claimant's disability is no longer total has the burden to prove that such disability has been reduced and that work is available which is within the claimant's capability. *Barrett v. Otis Elevator Co.*, 431 Pa. 446, 246 A.2d 668 (1968). In order to satisfy the burden of work availability, the employer has two options. First, it may show general availability of suitable jobs in the relevant labor market. *Dreher v. Workmen's Compensation Appeal Board*, 38 Pa. Commonwealth Ct. 473, 393 A.2d 1081 (1978). Second, it may show that specific jobs have been offered to the claimant which are within his capabilities. However, in such cases, the claimant can rebut the evidence by showing that the specific jobs are not in fact available because he cannot perform the work due to his disability, or he is not qualified in other respects for the employment, or he has applied for the positions and has been rejected. *Halloran v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 144, 410 A.2d 420 (1980), *St. Joseph Hospital v. Workmen's Compensation Appeal Board*, 52 Pa. Commonwealth Ct. 265, 415 A.2d 957 (1980). We have also noted that a claimant may rebut such evidence by showing that the specific jobs were filled at the time of application. *See Weathergard, Inc. v. Workmen's Compensation Appeal Board*, 41 Pa. Commonwealth Ct. 275, 398 A.2d 1103 (1979), *Yorktowne Paper Mills v. Workmen's Compensation Appeal Board*, 60 Pa. Commonwealth Ct. 608, 432 A.2d 308 (1981).

The evidence of work availability in this case was presented at a hearing on October 18, 1984, through the testimony of a representative of Vocational Rehabili-

or whether necessary findings of fact were supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

tation Services, Inc. (VRS), whom the employer had retained to locate job openings for the claimant. VRS testified as to the availability of two job openings.[3] One of the openings was communicated to the claimant via a mailgram sent on September 7, 1984. The second opening was communicated to the claimant via a mailgram sent on September 11, 1984. Both mailgrams directed the claimant to contact VRS concerning these openings.

On September 12, 1984, when presented with the job descriptions prepared by VRS for these two jobs, the employer's physician certified that, in his medical opinion, the claimant was physically capable of performing the duties of those positions. On September 21, 1984, when the claimant contacted VRS to inquire about the openings he was informed that they had already been filled.

On these facts, we must conclude that the referee's finding that work was available to the claimant which was within his physical capability on September 7, 1984, is not supported by substantial evidence. Rather, the earliest point at which the employer could have met its burden of proving work availability within the claimant's physical capabilities was September 12, 1984, when its physician reviewed the job descriptions.

We must now turn to the question of whether the claimant has successfully rebutted the employer's demonstration of work availability by showing that the proffered jobs were filled at the time he inquired as to their availability on September 21, 1984. We think he has.

The claimant prudently contacted his attorney concerning the effect that responding to these job openings would have on his compensation benefits. The resultant delay in responding to those openings, ten working days

---

[3] One opening was for a position as a sign cutter, the other was for a position as an assembler in an electronics factory.

from his receipt of the communication of the first opening and seven working days from his receipt of the communication of the second opening, is not unreasonable.[4]

The employer cites us to *Holmes v. Workmen's Compensation Appeal Board,* 86 Pa. Commonwealth Ct. 543, 485 A.2d 874 (1984), for the proposition that an employer need only show that the jobs are open on the date the claimant receives the notice of such opening to meet its burden of proving work availability. However, the employer misconstrues *Holmes.* In finding that the referee's finding of work availability in that case was supported by substantial evidence we said, "[The vocational rehabilitation services representative] testified that the . . . job was available when he notified [the claimant] of it on June 17, 1981. The fact the job was unavailable *three months* later when [the claimant] first inquired about it does not defeat the employer's case." *Id.* at 547, 485 A.2d at 876 (emphasis in original).

In addition to finding that the employer has misconstrued *Holmes,* we find this case clearly distinguishable on its facts, *i.e.,* a ten and seven working day delay as opposed to a three month delay in inquiring about a job opening.

Having found that the referee's finding that work was available to the claimant within his physical capabilities on September 7, 1984, to be unsupported by substantial evidence, we must reverse the Board's order affirming that decision.

## ORDER

Now, September 16, 1987, the order of the Workmen's Compensation Appeal Board No. A-89899, dated

---

[4] This calculation is based upon the assumption that the claimant received the mailgrams on the 8th and 12th, respectively, inasmuch as mailgrams are guaranteed to be delivered within twenty-four hours.

May 9, 1986, is hereby reversed and it is ordered that workmen's compensation benefits for total disability be reinstated.