611 A.2d 368

**VIPOND & VIPOND, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(Larry H. McKOWAN), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Feb. 3, 1992.

Decided June 4, 1992.

Reargument Denied July 27, 1992.

Petition for Allowance of Appeal
Denied Dec. 29, 1992.

Michael J. Wagner, for petitioner.

Julia E. Trimarchi, for respondent.

Before PALLADINO and KELLEY, JJ., and SILVESTRI, Senior Judge.

KELLEY, Judge.

Vipond & Vipond, Inc. (employer) appeals an order of the Workmen's Compensation Appeal Board which affirmed the referee's dismissal of employer's petition for modification of compensation benefits paid to Larry H. McKowan (claimant). We affirm.

Claimant suffered a compensable injury on August 10, 1982, in the course of his employment with employer. Employer's insurer, Rockwood Insurance Company, issued a notice of compensation payable pursuant to which claimant received weekly disability benefits at a rate of $284.00 under the Pennsylvania Workmen's Compensation Act (Act).[1] Claimant's injury was described as "chronic low back sprain."

Employer filed a modification petition on January 26, 1988, in which it alleged that work was available to claimant within his medical restrictions. Employer later amended this petition to include a request for termination.

[1] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§ 1–1031.

The referee held several hearings between February 1988 and January 1990. Claimant testified on his own behalf, presented the testimony of several individuals from whom he had sought light duty work, and also submitted the deposition of Dr. Gerald W. Pifer. Employer offered the testimony of William C. Reese, a rehabilitation consultant, and submitted the deposition of Dr. Roy S. Temeles.

In his opinion and order dated January 5, 1990, the referee dismissed employer's petition for modification and/or termination. The referee also ordered employer to reimburse claimant for reasonable costs listed in Finding of Fact No. 19, and relieved employer of responsibility to pay for chiropractic treatment after May 19, 1988.[2] Employer appealed to the Board which affirmed.

The issue here is whether claimant made a good faith attempt to follow through on employment opportunities presented to him by employer's job referral service.[3] In *Kachinski v. Workmen's Compensation Appeal Board (Vepco Construction Co.)*, 516 Pa. 240, 532 A.2d 374 (1987), the Pennsylvania Supreme Court established the following four-step analysis for evaluating modification petitions:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

---

2. The referee found claimant's chiropractic treatments were unreasonable and unnecessary after this date. Because claimant did not appeal this portion of the referee's decision, the issue of whether such treatment was reasonable or necessary is not before us and will not be addressed.

3. Our scope of review is limited to determining whether there is substantial evidence in the record to support the referee's findings of fact, whether an error of law has been committed, or whether constitutional rights have been violated. *Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa.Commonwealth Ct. 436, 550 A.2d 1364 (1988).

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

Dr. Temeles and Dr. Pifer agree that claimant has physical restrictions, but disagree as to the cause and extent of these problems. The referee accepted Dr. Pifer's opinion that claimant continues to suffer a disabling injury sustained while working for the employer. However, he credited Dr. Temeles' opinion that claimant could perform part-time light duty jobs.

The referee also accepted Mr. Reese's testimony that he had located five jobs within claimant's physical limitations, that these jobs were available, and that claimant was notified of them. The referee accepted Dr. Temeles' testimony that claimant was able to perform these jobs. Therefore, employer met its threshold burden of establishing a change in condition and of producing evidence of available jobs within the occupational category for which claimant had been given medical clearance. The burden then shifted to claimant to show either that he has made a good faith effort to follow through on employer's job referrals, or to offer medical evidence which rebuts employer's evidence of a change in condition, or indicates the unacceptability of the offered employment. *Roadway Express, Inc. v. Workmen's Compensation Appeal Board (Lewis),* 113 Pa.Commonwealth Ct. 230, 536 A.2d 870 (1988).

Claimant acknowledged that he had received the job notices from Mr. Reese and stated that he applied for every job for which he received a notice. Although claimant made timely application for each of these jobs, he was not offered employment. The referee specifically found as follows with regard to claimant's efforts to obtain suitable employment:

16. The claimant told each prospective employer who interviewed him that he could not sit or stand for any significant period of time and that he could not lift more than 15 pounds. He also placed restriction on the amount of walking [sic] was able to do. Although the claimant's physical activities are not as restricted as he stated to the

prospective employers, these stated restriction [sic] are within the restriction [sic] placed upon him by his treating physician, Dr. Pifer (Dr. Pifer deposition page 18).

The referee also made the following conclusions of law:

2.  Describing physical limitations to a prospective employer which are within the limitations imposed by his treating physican [sic] does not constitute a failure to make a good faith effort by the claimant to secure employment, over [sic] when such limitations are more stringent than those which are accepted by the Referee at the time of the decision.

3.  The claimant made a good faith effort to secure employment with prospective employers and was not offered employment.

■ Employer argues that claimant did. not make a good faith follow through on the jobs referred to him, because he discussed medical restrictions placed upon him by his own physician which were later rejected by the referee. We disagree.

■ In order for the interview process to be meaningful, both parties have a good faith obligation to be honest with one another. Claimants must neither willfully sabotage job referrals, nor make false or deceptive statements during interviews. *Champion Home Builders v. Workmen's Compensation Appeal Board (Ickes)*, 136 Pa.Commonwealth Ct. 612, 585 A.2d 550 (1990). However, claimants cannot be expected to make a credibility determination against the opinion of their own physician when discussing their capabilities with potential employers.

■ Honest statements which a claimant believes and which contain nothing false or deceptive, promote a meaningful interview process and cannot be the basis for finding that a claimant failed to follow through on job referrals in good faith. Therefore, claimant should not be penalized for speaking honestly about what he understood and believed his condition to be at the time he was interviewed, simply because a referee

subsequently found the limitations imposed on him by his treating physician to be not credible.

Accordingly, we affirm.

SILVESTRI, Senior Judge, dissents.

## ORDER

NOW, this 4th day of June, 1992, the order of the Workmen's Compensation Appeal Board, dated February 27, 1991, at No. A90–227, is affirmed.