634 A.2d 782

**Brenda J. HEISEY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD
(R.R. DONNELLEY & SONS CO.), Respondent.**

Commonwealth Court of Pennsylvania.

Argued Sept. 13, 1993.

Decided Nov. 24, 1993.

Harvey S. Miller, for petitioner.

W. Jeffrey Sidebottom, for respondent.

Before DOYLE and SMITH, JJ., and DELLA PORTA, Senior Judge.

SMITH, Judge.

Brenda J. Heisey (Claimant) petitions for review of the November 30, 1992 order of the Workmen's Compensation

Appeal Board (Board) which affirmed the referee's decision granting the modification petition filed by R.R. Donnelley & Sons Co. (Employer) effective December 15, 1989; and granting Employer's termination petition effective April 15, 1991. The questions Claimant presents for this Court's review are whether Employer's medical expert testimony was credible and based upon substantial evidence; and whether Employer's "senior job developer" was qualified and competent to locate and refer jobs to Claimant.

Claimant was injured in June 1989 while in the course of her employment as a material handler with Employer. Employer issued a notice of compensation payable providing total disability benefits for Claimant's bilateral carpal tunnel syndrome, which was successfully treated through surgery, and an aggravation of cervical arthritis, which was not originally caused by her work with Employer. On April 10, 1990, Employer filed a modification petition alleging that Claimant was partially disabled as of December 15, 1989. On June 10, 1991, Employer filed a termination petition alleging that as of April 15, 1991, Claimant had fully recovered from her work-related injuries and suffered no residual disability therefrom. Claimant filed timely answers to both petitions which were consolidated before the referee.

In hearings before the referee, Employer presented the deposition testimony of Dr. John S. Kruper, a board-certified orthopedic surgeon, who testified that he first examined Claimant in November 1989 and determined that although Claimant's carpal tunnel surgery had healed completely, she had aggravated a pre-existing cervical arthritis; he next examined Claimant in January 1990 and determined that Claimant had only mild symptoms in her cervical spine; and he last examined Claimant on April 15, 1991 and determined that the aggravation of her cervical arthritis had ceased and she had some residual arthritis which was not work-related but was solely due to normal aging processes. Dr. Kruper concluded that Claimant was capable of returning to light-duty work with certain restrictions. The referee specifically found Dr. Kruper's testimony persuasive and convincing.

Employer also presented the testimony of Michael J. Kibler, a senior job developer from Harold Kulman Associates, who testified that he located and referred thirty-one available jobs to Claimant which were within her physical restrictions. These jobs included retail sales and "hostess-type work" which Claimant indicated interested her and were in accordance with her vocational background. Kibler stated that his primary job was to attempt to place individuals who are injured on the job and unable to return to their pre-injury duties, which included conducting a vocational evaluation, contacting physicians to determine a claimant's physical capabilities, and using this information to find alternative employment for the injured employee. Kibler testified that he conducted a vocational interview and testing with Claimant and took an extensive history. Kibler also reviewed Claimant's physical restrictions with Dr. Kruper, who then approved the sedentary and light-duty positions for Claimant. The referee specifically found Kibler's testimony persuasive and convincing.

Claimant presented the deposition testimony of Dr. J. Paul Lyet who stated that because of Claimant's carpal tunnel syndrome, she could not return to her pre-injury job and imposed permanent restrictions on Claimant to avoid repetitious use of her hands and wrists which would include pushing, pulling, squeezing, gripping, and grasping, and a weight limitation of no more than twenty-five pounds. Dr. Lyet also stated that Claimant was not having significant cervical problems and further, was unable to state the cause of Claimant's cervical arthritis. Claimant also testified on her own behalf.

The referee found that Claimant failed to follow through in good faith on numerous job referrals that had been approved by Dr. Kruper and specifically found Claimant's testimony not credible. Relying upon the testimony of Dr. Lyet and Dr. Kruper, the referee found that Claimant had recovered from the effects of the work injury involving carpal tunnel syndrome and work-aggravated cervical arthritis, and that any residual problems Claimant had after April 15, 1991 were unrelated to the compensable injury. The referee concluded that Employer met its burden of proving that Claimant was

only partially disabled as of December 15, 1989 and that Claimant had fully recovered from her work-related injury as of April 15, 1991. The referee granted Employer's modification and termination petitions.

On appeal to the Board, Claimant argued that the referee's decision to permit Kibler's testimony as senior job developer was in error since Kibler was not qualified to testify on vocational matters and was incompetent to make appropriate job referrals under the requirements of *Kachinski v. Workmen's Compensation Appeal Board (Vepco Constr. Co.)*, 516 Pa. 240, 532 A.2d 374 (1987). Claimant also contended that she continues to suffer from a work-related disability. The Board affirmed the referee's decision and Claimant appealed to this Court.[1]

 Claimant argues that Dr. Kruper's testimony that her work-related aggravation of her cervical arthritis had ceased and was now due solely to the aging process is not worthy of belief and is not credible. A referee's rejection of one physician's testimony in favor of another's is a credibility determination which this Court will not disturb. *Wynn v. Workmen's Compensation Appeal Board (Department of Transportation)*, 77 Pa.Commonwealth Ct. 631, 466 A.2d 769 (1983). The referee is the final arbiter of credibility and weight of the evidence. *Shoemaker v. Workmen's Compensation Appeal Board (Jenmar Corp.)*, 145 Pa.Commonwealth Ct. 667, 604 A.2d 1145, *appeals denied*, 533 Pa. 614, 615, 618 A.2d 403, 404 (1992). The record shows that Dr. Kruper performed three physical examinations of Claimant and as of the last examination, he concluded that Claimant's cervical complaints were no longer caused by a work-related aggravation of her cervical arthritis, but were due solely to the normal aging process. Since Claimant's argument goes to the weight and credibility of Dr. Kruper's testimony, and since such matters

---

1. This Court's scope of review is limited to determining whether necessary findings of fact are supported by substantial evidence, whether an error of law has been committed, or whether there has been a violation of constitutional rights. *Yezovich v. Workmen's Compensation Appeal Board (USX Corp.)*, 144 Pa.Commonwealth Ct. 601, 601 A.2d 1341 (1992).

are solely within the province of the referee, this Court will not disturb the referee's findings on appeal.

Claimant next argues that Kibler's testimony as senior job developer was not competent because he lacks the expertise and training necessary to place an injured employee in a job compatible with her restrictions in accordance with the guidelines established by the Supreme Court in *Kachinski*, which set forth the following:

1. The employer who seeks to modify a claimant's benefits on the basis that he has recovered some or all of his ability must first produce medical evidence of a change in condition.

2. The employer must then produce evidence of a referral (or referrals) to a then open job (or jobs), which fits in the occupational category for which the claimant has been given medical clearance, *e.g.*, light work, sedentary work, etc.

3. The claimant must then demonstrate that he has in good faith followed through on the job referral(s).

4. If the referral fails to result in a job then claimant's benefits should continue.

*Id.*, 516 Pa. at 252, 532 A.2d at 380.

Claimant contends that implicit in the *Kachinski* requirements is the need to have a skilled individual or vocational expert who can properly evaluate medical reports containing physical restrictions and limitations and who has the ability to administer the necessary aptitude tests to determine intellectual capacity. Based upon this interpretation, Claimant concludes that the involvement of a "vocational rehabilitation specialist," rather than a senior job developer, is necessary and that Kibler lacks the expertise necessary to fulfill this requirement. As Claimant acknowledges, neither *Kachinski* nor its progeny explicitly require an employer to use a "vocational rehabilitation specialist" to meet its burden of producing evidence of job referrals that fit in the occupational category for which Claimant has been given medical clearance. Two cases relied upon by Claimant, *Young v. Workmen's Compensation Appeal Board (Weis Mkts., Inc.)*, 113 Pa.Common-

wealth Ct. 533, 537 A.2d 393, *appeal denied,* 520 Pa. 622, 554 A.2d 513 (1988), and *Four–Way Constr. Co. v. Workmen's Compensation Appeal Board (Snyder),* 113 Pa.Commonwealth Ct. 235, 536 A.2d 873 (1988), do not support Claimant's contention.

In *Young,* this Court was critical of the inadequate efforts made by an employer's "vocational counselor" in providing job referrals to the claimant. Similarly, in *Four–Way Construction,* this Court held that an employer's "vocational rehabilitationist" failed to provide effective notice to the claimant regarding job referrals. In each case, this Court was concerned not with the qualifications of the individual, but with the inadequate efforts made in fulfilling the *Kachinski* requirements. In the present matter, Claimant has not alleged that the efforts of Employer's senior job developer were in any way inadequate.

In *Holmes v. Workmen's Compensation Appeal Board (Pisani Bros., Inc.),* 86 Pa.Commonwealth Ct. 543, 485 A.2d 874 (1984), this Court specifically rejected a claimant's argument that only testimony from an expert in vocational placement of injured workers, rather than an employer's rehabilitation services representative, is sufficient to show the availability of suitable work. Although *Holmes* was decided before the Supreme Court decision in *Kachinski,* it is clear that *Kachinski* did not change the law set forth in *Holmes* and post-*Kachinski* decisions support this conclusion. In a number of cases decided since *Kachinski,* testimony was allowed from persons in positions virtually indistinguishable from Employer's "senior job developer." [2]

**2.** *See Korol v. Workmen's Compensation Appeal Board (Sewickley Country Inn),* 150 Pa.Commonwealth Ct. 279, 615 A.2d 916 (1992) (testimony from employer's vocational consultant); *Vipond & Vipond, Inc. v. Workmen's Compensation Appeal Board (McKowan),* 148 Pa.Commonwealth Ct. 373, 611 A.2d 368, *appeal denied,* 533 Pa. 616, 618 A.2d 405 (1992) (rehabilitation consultant); *Nabisco v. Workmen's Compensation Appeal Board (Kelly),* 148 Pa.Commonwealth Ct. 343, 611 A.2d 352 (1992) (vocational counsellor); *Yezovich* (occupational resource specialist); *M & D Auto Body v. Workmen's Compensation Appeal Board (Pallott),* 143 Pa.Commonwealth Ct. 346, 599 A.2d 1016 (1991), *appeal denied,* 532 Pa. 658, 615 A.2d 1314 (1992) (rehabilitation counselor);

■ Claimant posits that Kibler's experience is insufficient to allow him to make appropriate job referrals. It is undisputed that Kibler graduated from high school; studied computer science at Elizabethtown College and general psychology at Franklin and Marshall College, but has not yet attained a college degree; has worked for Harold V. Kulman Associates as senior job developer from 1984 to the present; and has attended at least five seminars directly related to his duties as senior job developer. This Court finds nothing in the record that would disqualify Kibler from properly placing an injured employee with alternative work or that would render his testimony incompetent in any manner.[3] As the Board aptly noted, the requirement for vocational evidence cannot be equated with that presented by medical experts.

■ The referee sub judice found persuasive and convincing Kibler's testimony concerning the availability of work while taking into account Claimant's employment, vocational, and medical status. Moreover, the referee found that Claimant failed to follow through in good faith on numerous job referrals approved by Dr. Kruper, and Claimant has not challenged this finding. As there is substantial evidence in the record to support the referee's findings, the Board's order is affirmed.

## ORDER

AND NOW, this 24th day of November 1993, the order of the Workmen's Compensation Appeal Board is affirmed.

Todloski v. Workmen's Compensation Appeal Board (Supermarket Serv. Corp.), 115 Pa.Commonwealth Ct. 138, 539 A.2d 517 (1988) (vocational counselor).

3. Furthermore, Claimant's reliance by analogy on the social security disability program and the Kachinski Court's discussion thereof to support her arguments is misplaced. Regulations promulgated under the Social Security Act provide that the social security administration may, at its discretion, use the services of a vocational expert or other specialist in determining whether a social security claimant's work skills can be used in other work; however, contrary to Claimant's assertion, there is no requirement that there be testimony in this regard. See 20 C.F.R. § 404.1566(e). Additionally, the Court in Kachinski engaged in a discussion of social security to point out distinctions between the workers' compensation and social security systems, not the similarities.