Sylvester Nobles, Petitioner *v.* Commonwealth of Pennsylvania, Workmen's Compensation Appeal Board and Lee Tire and Rubber Company, Respondents.

256

Argued November 13, 1979, before Judges CRUM-
LISH, JR., MENCER and CRAIG, sitting as a panel of
three.

*Robert Morris Cohen,* for appellant.

*Martin J. Fellow, Jr.,* with him *R. D. Harburg* and
*Joseph J. Murphy,* of counsel, *Robert J. Murphy* and
*Thomas W. Murphy,* for respondents.

OPINION BY JUDGE CRAIG, February 7, 1980:

Petitioner Sylvester Nobles appeals from an af-
firmance by the Workmen's Compensation Appeal
Board (board) of a referee's termination of compen-
sation.

Respondent employer filed a petition to terminate
compensation, with a physician's affidavit of recovery
attached, seeking termination as of February 16, 1977.

At an April 18, 1977 hearing, at which petitioner
failed to appear, his then attorney advised the referee
that he had been unable to contact petitioner and de-
sired to withdraw. The employer then presented med-
ical testimony, consistent with the affidavit, to the

effect that petitioner was able to return to his occupation February 16, 1977.

The referee scheduled a second hearing for July 5, 1977, to allow petitioner an opportunity to cross-examine the employer's witness and otherwise contest the termination. Petitioner retained new counsel just one week before that date, who filed an answer to the termination petition on June 28.

Neither petitioner nor his new counsel appeared at the 9:30 a.m. time set for the July 5 hearing. At 11:00 a.m., when they had still not appeared, upon motion on behalf of the employer, the referee granted termination of compensation as of February 16, 1977. When petitioner's counsel finally arrived that same afternoon, the referee declined to set aside his grant of termination. The board affirmed, and this appeal followed.

Petitioner contends that the decision is not supported by Section 416 of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, §416, *as amended,* 77 P.S. §821, and also is unsupported by proper findings and substantial evidence.

Section 416 provides that "[i]f a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented." Thus the pivotal question is whether petitioner's and his counsel's absence was "without adequate excuse"; if so, then the referee acted in accordance with the statutory directive.

That petitioner was properly notified of the hearings is not in question. The argument for adequate excuse is that counsel's delay on July 5 was due to an earlier commitment as a public defender; that petitioner himself was unaware that testimony had been taken at the first hearing; that his new counsel was

totally unaware of the April hearing, thus believing the July 5 hearing to be the initiation of the termination proceeding; that new counsel's alleged observation of "other hearings" in the locale led him to believe that dismissals for non-appearance did not occur unless failure to appear continued through the end of the day's hearings; and that new counsel had not sought a continuance upon being retained because he wished to abide by the hearing notice limitations as to the time in which to request continuances.

We cannot hold the referee erred in concluding that these allegations constituted inadequate excuse. Petitioner was twice afforded opportunity to contest the termination petition; unfortunate though it may be, we could not in these circumstances hold that petitioner's delay in retaining new counsel, counsel's belief that the hearing notice did not mean what it said, and counsel's conflicting engagement, along with counsel's failure to seek a time change, add up to adequate excuse as a matter of law. The moment to offer an excuse, as to non-attendance at the stated time, was before the hearing, not afterward. We are puzzled that counsel felt compelled to heed the hearing notice's limitation as to the time for continuance requests, yet felt free to discount that same notice's specification of hearing time.

Petitioner's brief correctly points out that the referee's first finding is partly in error, in that it recites April 28, 1977 as the date of the first hearing when in fact the actual date was April 18, 1977. The record is otherwise clear on this point, and the error is harmless.

Thus the referee acted properly in deciding on the basis of the petition, the affidavit, and the testimony of record. Because the medical testimony in the record supports the referee's findings and decision, we must affirm.

ORDER

AND Now, this 7th day of February, 1980, the order of the Workmen's Compensation Appeal Board, dismissing the appeal by Sylvester Nobles, is affirmed.

Judge DiSalle did not participate in the decision of this case.