54

515 A.2d 629

Patrick DeMarco, Petitioner *v.* Workmen's Compensation Appeal Board (Matlack, Inc.), Respondents.

Submitted on briefs May 29, 1986, to Judges CRAIG and PALLADINO, and Senior Judge BARBIERI, sitting as a panel of three.

*Patrick DeMarco,* petitioner, for himself.

*Charles S. Katz, Jr., Swartz, Campbell & Detweiler,* for respondent, Matlack, Inc.

OPINION BY JUDGE CRAIG, September 26, 1986:

*Pro se* claimant Patrick DeMarco appeals the Workmen's Compensation Appeal Board's order affirming a referee's decision which dismissed Mr. DeMarco's petition for compensation for an injury he alleged that he suffered on October 4, 1978. The board's order also granted employer Matlack, Inc.'s petition for termination of the benefits which Matlack had been paying to Mr. DeMarco for an injury which he suffered in the course of his employment as a trucker with Matlack, on April 22, 1974.

The board awarded Mr. DeMarco total disability compensation at $160 per week, which continued until he returned to work on September 11, 1978, at $214 per week.

Mr. DeMarco has alleged that, on October 4, 1978, he suffered a new injury to his back while lifting a hose during a delivery. He testified that he reported it to the manager-dispatcher upon returning to the terminal. Mr. DeMarco continued working until October 16, 1978. Thereafter, Matlack reinstated total disability payments at $106 per week.[1]

By means unexplained, Mr. DeMarco discovered in early 1980 that the compensation which Matlack was paying was for the 1974 injury—not for the 1978 injury, as he had believed. On February 22, 1980, through counsel, Mr. DeMarco filed a petition for compensation for the 1978 injury. In April of 1980, the referee held a

---

[1] A written form of Matlack's agreement to reinstate total disability payments, if, in fact one exists, is not of record.

hearing and received testimony. However, he concluded the hearing by continuing the case. No further hearing followed.

By order dated February 17, 1981, the referee adopted, as his findings of fact, a stipulation of fact challenged by Mr. DeMarco.[2] The referee concluded that Mr. DeMarco did not suffer a new compensable injury in 1978 and dismissed the claim petition. By order of that same date, the referee also granted Matlack's petition for termination of benefits for the 1974 injury as of October 28, 1980.

On appeal, the board addressed only the referee's dismissal of Mr. DeMarco's claim petition for the 1978 injury, remanding the case "to afford the parties to this action, particularly the claimant, an opportunity to be heard concerning the facts of this case." Regarding the stipulation, the board explained:

> [T]he referee's findings of fact merely incorporate these ten paragraphs [of the Stipulation of Fact].
>
> It is interesting to note that there is no stipulation signed by either of the parties and this Board is disturbed with the fact that the claimant is now denying some of the alleged stipulated facts.

Consistent with the board's order, the referee scheduled a hearing for two separate occasions during 1982. Each time, Mr. DeMarco, who was then incarcerated for activities not pertinent to this proceeding, requested and received continuances of the hearing. On September 22, 1982, when neither Mr. DeMarco, who was still incarcerated, nor a representative, appeared at the

---

[2] In his brief, Mr. DeMarco challenges the stipulation because it "was not signed, not in writing and at most allegedly agreed to by claimant or claimant's attorney on the record." The appearance of Mr. DeMarco's previous counsel is no longer on the record.

third scheduled hearing, the referee closed the record upon Matlack's request.

Without further resolving the matter which had caused the board to remand—the questionable stipulation—the referee issued a final decision dated October 8, 1982, in which he concluded that Mr. DeMarco had failed to prove timely notice as to the 1978 injury, apparently disbelieving the claimant's 1980 testimony concerning notice. The referee accordingly dismissed the petition for compensation. He also again held that Mr. DeMarco's disability from the 1974 injury had ceased on October 28, 1980, and granted Matlack's petition for termination.[3] On appeal, the board affirmed those conclusions.

## Closing the Record

Mr. DeMarco, alleging that his wife telephoned the referee to request a continuance of the third hearing, but that the referee denied that request, first contends that the referee erred by refusing to grant a further continuance during his incarceration, and in so doing, violated the board's remand order that the referee afford the parties an opportunity to be heard.

However, in Finding of Fact No. 8, the referee specifically found that, "[n]o request for continuance

---

[3] Because the board, in remanding, had not addressed Matlack's petition for termination, the referee wrote:

[T]he referee assumes that the Decision of the Board pertained to the appeals from both Decisions since no additional Board Decision has been forthcoming.

This Decision of the Referee pertains to both the Claim Petition and the Suspension Petition. If it was not the intention of the Board to remand the Referee's Decision on the Suspension Petition then the Referee has, on his own motion, hereby vacated his prior Decision and entered this Amended Decision.

was received relative to hearing scheduled for September 22, 1982. . . ." Therefore, Mr. DeMarco's failure to appear at that hearing is controlled by section 416 of the Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §821, which provides in part:

> If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing without adequate excuse, the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

Mr. DeMarco suggests several factors which he contends that the referee should have considered before closing the record.

Of those factors, only his incarceration is relevant, but that fact alone does not constitute adequate excuse for his failure to appear in person or by counsel at the hearing.

The hearing scheduled for September 22 was the third hearing scheduled during Mr. DeMarco's incarceration. Twice before, the referee had granted continuances to a later date. Mr. DeMarco has presented no explanation of either his failure to retain counsel to represent him at the hearing, or the extent of his efforts to make arrangements with prison officials to allow him to be present at the hearing. *See Nobles v. Workmen's Compensation Appeal Board*, 49 Pa. Commonwealth Ct. 255, 410 A.2d 971 (1980) (claimant had no adequate excuse for his own failure to appear at a second hearing scheduled after he failed to appear at the first hearing and received a continuance, nor for his attorney's tardy appearance, when the attorney received proper notice of the hearing but did not appear or inform the court of a scheduling conflict until after the scheduled time of the hearing)..

*Petition for Compensation for 1978 Injury*

After closing the record, the referee dismissed Mr. DeMarco's claim petition for the alleged October 4, 1978 injury, concluding that Mr. DeMarco had failed to sustain the burden of proving that he provided adequate notice to his employer within 120 days of the date of injury as required by section 311 of the Act, 77 P.S. §631. In Finding of Fact No. 12, the referee stated:

Claimant did not report an injury of October 4, 1978 to his employer and the first notice thereof was provided by Claim Petition filed February 22, 1980 with the Department of Labor and Insustry [sic].

Mr. DeMarco points to no evidence of record which we could say the referee capriciously disregarded. The referee, exercising his proper function as the finder of fact, rejected Mr. DeMarco's rather vague testimony at the April 21, 1980 hearing that he had timely notified Matlack of the injury on October 4, 1978, the alleged date the injury occurred.[4] Therefore, we must affirm the board's dismissal of Mr. DeMarco's petition for compensation.

---

[4] Mr. DeMarco testified:

Q. Who was the dispatcher that you reported to when you returned to Lester on October 4 in the afternoon?

. . . .

A. I don't remember which one it is. In fact, I don't even know their names. I only know the terminal manager, Eddy, Ed McDonald. It could have been Ed McDonald.

. . . .

Q. But you don't recall whether or not Ed McDonald did come to the window that day or to the counter when you spoke with him?

A. I'm sure it was him.

. . . .

Q. First you said might—now you're saying sure—which is it? You're sure or you might?

## Petition for Termination

The referee also sustained Matlack's petition for termination as of October 28, 1980. The referee's findings, which the board affirmed after remand, stated:

13. All of Claimant's disability as a result of the injury of April 22, 1974 ceased and terminated as of October 28, 1980 and any disability from which he may have been suffering on and after October 28, 1980 was due solely to the natural progression of pre-existing pathology neither caused nor aggravated by any injury arising in the course of Claimant's employment with defendant.

14. As of October 28, 1980, Claimant had fully recovered from the injury described in the Notice of Compensation payable as a contusion of Claimant's right side and lower back and from any and all other disabling pathology causally related to the Claimant's work activities of April 22, 1974.

15. The Referee accepts as credible the opinion of Sidney Berkowitz, D.O. and finds that as of October 28, 1980, Claimant was able to return to his usual pre-injury job as a truck driver with Defendant.

However, thorough scrutiny of the entire record establishes that Findings of Fact 13-15 have no evidentiary support. Medical opinion from Dr. Berkowitz—apparently the only basis for those findings—came from no deposition or live testimony, but only from the stipula-

---

A. I'm not sure. It is one of the dispatchers. I talked to one of the dispatchers, and I believe he may have sent Ed McDonald to the window there. I told him what my problem was, and he said, 'Well, if you can't do the job, leave.' I believe it was Ed McDonald, but I continued on.

tion which the board held to be so questionable as to warrant a remand for a determination of its validity. Because the referee's findings pursuant to remand did not expressly resolve that question, the effect of that stipulation remains somewhat unclear.

Nevertheless, assuming that the stipulation—as recited by the referee in his initial decision—is valid, we note that Dr. Berkowitz's presumably stipulated testimony merely (1) negated any change in the claimant's condition between August 1 and October 6, 1978, and (2) attributed "any disability" from which claimant may have been suffering "through October 27, 1980" to the 1974 injury.[5]

Notably absent from Dr. Berkowitz's opinion is any express statement that the 1974-caused disability ceased as of October 28, 1980 or any other time. Nor can we logically infer any such opinion merely from the fact that the doctor's recited discussion was confined to a time period ending with October 27, 1980.

Hence, in view of the lack of substantiation for the findings, we must conclude that Matlack has failed to bear the burden of proving that Mr. DeMarco was no

---

[5] In his earlier decision, the referee found that the parties had stipulated the following:

7. If called to testify, Claimant's treating physician, Sidney Berkowitz, D.O. would state that he examined Claimant on October 6, 1978 and did not observe any change in Claimant's condition when compared to the previous examination of August 1, 1978.

8. If called to testify, Dr. Berkowitz would also state that any disability from which Claimant may have been suffering on or after October 4, 1978 and through October 27, 1980, was due to Claimant's work activity of April 22, 1974 when he injured his back in the course of his employment with Defendant.

longer totally disabled as of October 28, 1980 by substantial, competent evidence.[6]

Therefore, although we affirm the dismissal of the claim relating to the alleged 1978 injury, this court's decision must be to reverse the decision terminating compensation for the 1974 injury and reinstate the right to receive those benefits beginning October 28, 1980.

### ORDER

Now, September 26, 1986, the order of the Workmen's Compensation Appeal Board, dated January 12, 1984, Docket No. A-84890, is affirmed with regard to its dismissal of the claimant's petition for benefits for his 1978 injury. The board's decision affirming the referee's grant of the employer's petition for termination is reversed.

We remand to the board for determination of benefits.

Jurisdiction relinquished.

---

[6] The employer bears the burden of proving that the claimant is no longer totally disabled when the former seeks to modify a compensation award. Because Matlack prevailed before the referee, our scope of review is limited to determining whether necessary findings are supported by substantial evidence. *Lang v. Workmen's Compensation Appeal Board (Deitch Co.),* 90 Pa. Commonwealth Ct. 544, 496 A.2d 107 (1985).