590 A.2d 38

**Maria DeMARCO and Theresa Fasciocco, heirs of Patrick DeMarco, Deceased, Petitioners,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (MATLACK, INC.), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 2, 1990.

Decided April 12, 1991.

Reargument Denied May 29, 1991.

Petition for Allowance of Appeal Denied
Oct. 11, 1991.

152

Edward Jay Weiss, Media, for petitioners.

Charles S. Katz, Jr., Swartz, Campbell & Detweiler, Philadelphia, for respondent.

Before CRAIG, President Judge, PELLEGRINI, J., and CRUMLISH, Jr., Senior Judge.

## OPINION

CRUMLISH, Jr., Senior Judge.

This appeal has a protracted history dating to a 1974 claim petition. Patrick DeMarco filed a petition for an

injury he received in the course of his employment as a trucker for Matlack, Inc. (Matlack), the respondent in this matter.

The facts leading to the decision DeMarco now appeals are reported in *DeMarco v. Workmen's Compensation Appeal Board (Matlack, Inc.)*, 101 Pa.Commonwealth Ct. 54, 515 A.2d 629 (1986). A brief summary is necessary to an understanding of the present appeal.

On finding that DeMarco suffered a compensable back injury in 1974, the referee awarded total disability benefits until DeMarco's return to work in September 1978. Shortly thereafter, DeMarco alleged he suffered a new injury and Matlack reinstated disability payments. Because DeMarco mistakenly believed these payments were for his second injury (and not for a recurrence of the 1974 disability), he did not file a claim petition until February 1980. A hearing on that petition was held in April of that year and was continued.

In March 1981 the referee issued a decision in which he dismissed DeMarco's petition for the 1978 injury and granted Matlack's termination petition for the 1974 injury as of October 28, 1980.

The Board remanded the case to the referee because it questioned the validity of a stipulation of facts which the referee had incorporated into his own findings. The Board, in remanding, noted that the stipulation was not signed by either party and was inconsistent with DeMarco's allegations.

After scheduling and continuing two hearings, the referee closed the record and issued a final decision on October 8, 1982, again dismissing DeMarco's claim petition for the 1978 injury and granting Matlack's termination petition for the 1974 injury. The referee issued this decision without resolving the question of the unsigned stipulation. The Board affirmed.

On consideration of DeMarco's petition for review, this Court affirmed the dismissal of DeMarco's 1978 injury

petition, but found that the referee's key findings of fact on Matlack's termination petition for the 1974 injury lacked evidentiary support. We noted that the question of the stipulation had not been resolved and, assuming it was valid, "[n]otably absent ... is any express statement that the 1974–caused disability ceased as of October 28, 1980 or any other time." *DeMarco* at 61, 515 A.2d at 663. We reversed the Board and remanded for a determination of benefits.

On remand, counsel for Matlack sought to offer evidence of a missing stipulation which had purportedly been admitted into the record on January 1981, prior to the referee's first decision. DeMarco's counsel objected. The referee deferred a ruling on Matlack's request and continued the proceedings.

A second hearing was scheduled but, unfortunately in the interim, DeMarco died of causes unrelated to his work injury. At that hearing, again over the objection of DeMarco's counsel, the referee admitted an exhibit, marked "DR 2", which he found to be an exact duplicate of a January 19, 1981 stipulation of fact, one of three executed by both DeMarco and Matlack on that date. This stipulation included the following recitals:

3. All of claimant's disability as a result of the injury of April 22, 1974 ceased and terminated as of October 28, 1980 and any disability from which he may have been suffering on or after that date was due solely to the natural progression of preexisting pathology neither caused nor aggravated by any injury arising in the course of claimant's employment with defendant.

. . . . .

5. If called to testify, claimant's treating physician, Sidney Berkowitz, O.D., would state that he examined claimant on October 28, 1980 and as of that date was able to return to his usual pre-injury job as a truckdriver.

The referee found *this* stipulation had been submitted on January 20, 1981 and was part of the record when his

March 5, 1981 decision was entered. He also found that Commonwealth Court did not have the stipulation when we considered DeMarco's first appeal, but that the omission was due to a clerical error of the Bureau of Worker's Compensation.

The referee expressly accepted this stipulation as credible. Relying on it, the referee again found that as of October 28, 1980, DeMarco had fully recovered from his 1974 injury. Again, he granted Matlack's termination petition as of that date and the Board again affirmed.

On appeal to this Court, DeMarco's heirs (hereinafter DeMarco) contend that the referee exceeded his authority on remand, arguing that this court's remand order limited the referee to determining benefits. Therefore, no additional evidence on the cessation of DeMarco's disability should have been taken.

Matlack counters that no *new* evidence was adduced. It argues that the stipulation was part of the original record, was lost by the worker's compensation authorities, and therefore, was not (but should have been) considered by this Court when considering the referee's original findings on the termination petition. Matlack maintains, therefore, the referee properly determined that benefits should have been terminated on October 28, 1980, the date the referee found DeMarco's disability had ceased.

This Court's September 26, 1986 Order clearly and specifically reversed the Board's decision upholding the grant of Matlack's termination petition. Barring an appeal, that order should have put an end to the question raised by the termination petition, i.e., whether DeMarco's disability had ceased. The only purpose for the remand was a determination of benefits due DeMarco.

The referee misperceived our Order and exceeded his authority when, on the conclusion that we were "without benefit of the entire record," he took additional testimony in order to reconstruct that record and then entered a new set of findings of fact.

As in *Glabern Corporation v. Workmen's Compensation Appeal Board (Moccia)*, 84 Pa.Commonwealth Ct. 381, 479 A.2d 77 (1984), where we held that a referee should restrict remand proceedings to the purpose indicated by the Board's remand order, the referee should have confined the proceedings to the instructions set forth in this Court's Order, as explained in the accompanying opinion.

The referee and Board may have taken it upon themselves to compensate for the admitted clerical error of the workmen's compensation authorities, if in fact those stipulations were entered into the record in 1981 and were lost. However, Matlack had ample opportunity to correct the record as early as 1982, when the Board remanded upon noting that no signed stipulations were *then* of record. It could have, under Pa. R.A.P. 2541–2547, sought reconsideration of our Order reversing the Board, or appealed that decision. Matlack chose not to, apparently on the belief that an appeal was "not necessary." (respondent's brief, pp. 11–12).

Nonetheless, it was not for the referee at this belated juncture to take testimony on the claimant's signing of a stipulation and the subsequent chain of custody of that stipulation, particularly when its signer was deceased.

The Board's decision is reversed insofar as it upheld the referee's grant of Matlack's termination petition. That decision is affirmed insofar as it denied DeMarco's application for counsel fees and petition for unreasonable delay penalties. We will enter an order remanding for the *sole* purpose of determining the amount of benefits due DeMarco.

## ORDER

The order of the Workmen's Compensation Appeal Board at No. A–95994, dated April 26, 1990, is reversed. The matter is remanded to the Board for the sole purpose of

determining the amount of benefits due petitioners under claimant Patrick DeMarco's 1974 claim petition.

Jurisdiction relinquished.