631 A.2d 702

**MATLACK, INC., Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DeMARCO), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 9, 1993.

Decided Aug. 23, 1993.

Charles S. Katz, Jr., for petitioner.

No appearance, for respondent.

Before COLINS and PELLEGRINI, JJ., and KELTON, Senior Judge.

PELLEGRINI, Judge.

Matlack, Inc. (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) reversing the Referee's denial of Pennsylvania Workmen's Compensation

benefits [1] to Patrick DeMarco (Claimant). This case is before us for the third time, not because of any real legal issue, but because the Referee has failed to follow directions that we gave in two previous orders reversing his rulings.[2]

Claimant was employed as a truck driver by Employer and on April 22, 1974, suffered a work-related injury to his back. Pursuant to a notice of compensation payable, Claimant received workmen's compensation benefits until his return to work on September 10, 1978. On October 4, 1978, Claimant reinjured his back and Employer reinstated benefits, treating it as a recurrence of his 1974 claim.

In February 1980, Claimant filed a claim petition alleging that the 1978 injury was a new injury. Employer not only denied that claim, but filed a petition for suspension of benefits for the 1974 injury. After dismissing the claim petition alleging that the 1978 injury was a new injury rather than a recurrence, the Referee amended the suspension petition to one for termination and terminated benefits for the 1974 injury as well. Apparently, the Referee amended the petition and terminated benefits as a result of a purported stipulation that he interpreted to mean that Claimant's disability arising out of the 1974 injury had ceased.

Claimant appealed the Referee's decision to the Board. While affirming the dismissal of the 1978 claim, the Board vacated the Referee's decision terminating benefits flowing from the 1974 injury because of questions concerning the validity of the stipulation. The Board remanded to the Referee to determine its validity. On remand, the Referee again terminated benefits, but, despite being ordered to do so by the Board, did not rule on the validity of the stipulation. Nonetheless, on Claimant's appeal of that order, the Board af-

1. The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. §§ 1–1031.

2. Our first decision is reported at *DeMarco v. Workmen's Compensation Appeal Board*, 101 Pa.Commonwealth Ct. 54, 515 A.2d 629 (1986) (*DeMarco I*); the second at *DeMarco v. Workmen's Compensation Appeal Board*, 139 Pa.Commonwealth Ct. 151, 590 A.2d 38 (1991) (*DeMarco II* ).

firmed. Claimant then appealed to this Court[3] and we reversed. (*DeMarco I*). We did so because even accepting the validity of the stipulated facts, there was not substantial evidence to support a finding that Claimant's 1974 disability had ceased. We remanded to the Referee for a determination of benefits.

On remand, rather than determine the amount of benefits as ordered, the Referee somehow interpreted our opinion that Employer had failed to be sustained on appeal in *DeMarco I* because the stipulation was not included in the record forwarded to this Court. To correct this "clerical error," the Referee found that the stipulation had been missing from the record when we considered the case previously, and admitted the copy of the stipulation of facts, finding it was an accurate reproduction and the contents were credible. Relying again on the stipulation of facts, the Referee found that Claimant had fully recovered from his 1974 injury and terminated benefits as of October 28, 1980, which was affirmed by the Board.

On appeal,[4] we again reversed, holding that we had previously decided there was not substantial evidence to support termination of Claimant's benefits and had remanded solely for a determination of benefits due Claimant. We explained that because Employer had not appealed this decision, it was final. We went on to state that the Referee had exceeded the scope of our remand order when he sought to correct the Bureau's "clerical error" in losing the original stipulation by taking "testimony on the Claimant's signing of a stipulation and the subsequent chain of custody of that stipulation, particularly when its signer was deceased." *DeMarco II*, 139 Pa.Commonwealth Ct. at 156, 590 A.2d at 40. We again remanded "for the *sole* purpose of determining the amount of benefits due petitioners under claimant Patrick DeMarco's 1974 claim petition." (Emphasis in original). *Id.*

3. Because Claimant proceeded on appeal *in forma pauperis,* no Reproduced Record was filed.

4. Subsequent to the filing of this appeal, both Claimant and his wife died.

On remand, the Referee determined that our order contained a "clerical error" when referring to the "1974 claim petition," because Claimant and Employer had actually entered an agreement for compensation for the 1974 injury and filed a notice of compensation payable with the Bureau. Because we had held that he could not correct "clerical errors," and apparently in a pique, the Referee determined that Claimant was due no compensation on this non-existent claim. He again relied on the stipulation of facts and terminated benefits for the 1974 injury as of October 28, 1980. The Board found that the Referee had exceeded the scope of our remand order, noting that our decision disallowing termination of Claimant's benefits was final and calculated the amount of benefits due Claimant's estate.[5] For some reason, Employer filed this appeal.

Employer contends the Board erred when it found that the Referee exceeded the scope of our remand order by improperly relying on the reintroduced stipulation of facts. It also contends that the Board erred when it corrected the "clerical error" in our order because we had ruled in *DeMarco II* that the Referee could not correct clerical errors made by compensation authorities. This, however, is a disingenuous reading of our previous holding and order.

The purpose of our order, twice stated, was for the Referee to determine the amount of benefits due to Claimant as a result of his April 1974 injury. We held in *DeMarco I* that there was not sufficient evidence to support termination of Claimant's benefits. In *DeMarco II*, we stated that because Employer did not appeal our original finding that termination of Claimant's benefits was not supported by substantial evidence, that decision was final and not subject to reexamination on remand. The issue of Claimant's continued entitle-

---

5. The Board calculated benefits from the date of the Referee's termination of benefits to the date of Claimant's death—October 28, 1980 to October 11, 1987, and from the date of his death to the date of the death of his wife—October 11, 1987 to January 14, 1988.

ment to benefits for his 1974 injury was not open for reconsideration on remand and the Referee was only authorized to determine the amount of benefits due Claimant.

■ Regarding the alleged "clerical error" in our order in *DeMarco II*, the Referee and Employer misinterpreted our order not to give it the effect intended. We did order a calculation of benefits due Claimant against his "1974 claim petition," even though technically Claimant had not filed a "claim petition." Our order, however, directed the Board to determine the amount of benefits to which Claimant was entitled as a result of his 1974 injury, the method by which those benefits were originally generated is irrelevant. The Board correctly reversed the Referee's finding that because there was no "1974 claim petition," Claimant was not entitled to benefits and calculated the amount of benefits due Claimant.[6]

Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

## ORDER

AND NOW, this 23rd day of August, 1993, the order of the Workmen's Compensation Appeal Board dated July 31, 1992, No. A92–0534, is affirmed.

---

6. The amount of the Board's calculation has not been challenged by either party.