**METRO AMBULANCE, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (DUVAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 19, 1996.

Decided March 1, 1996.

Victor N. Lea, for Petitioner.

Karl P. Voigt, IV, for Respondent.

Before SMITH and PELLEGRINI, JJ., and MIRARCHI, Senior Judge.

MIRARCHI, Senior Judge.

Metro Ambulance (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed a decision of a Workers' Compensation Judge (WCJ) finding that Employer, without adequate excuse, untimely filed an answer to the claim petition of Mary T. Duval (Claimant).

Claimant was employed by Employer on a part-time basis as an emergency medical technician. On October 15, 1993, Claimant filed a claim petition in which she alleged that she suffered a work-related injury to her right knee on August 25, 1993. On December 30, 1993, Employer filed an answer denying the allegation of the claim petition.

At a hearing before the WCJ, Employer presented the testimony of Eugene N. Brown, Jr., its president and chief. Brown testified that Employer is a nonprofit ambulance unit which provides emergency and nonemergency ambulance service to the Borough of Hellertown and surrounding communities.[1] Brown testified that Employer received the notice of the assignment of the petition on November 6, 1993. After receiv-

ing the document, Brown called the Department of Labor and Industry to seek advice and he was told to contact an attorney. Brown attempted to locate an attorney who would handle the case. He talked to at least six attorneys, without success. He stated that all the attorneys he contacted told him that they only represented claimants.

Brown stated that he received a notice scheduling a hearing and he again called the Department and was told to contact an attorney. Brown appeared at the hearing and requested a continuance because his wife had been injured. Brown finally located an attorney who agreed to represent Employer and an answer was filed on December 30, 1993.[2]

Claimant testified at a hearing that on August 25, 1993, she was a passenger in an ambulance which was returning from a stand-by assignment at Pocono Raceway. Claimant testified that the cars in front of the ambulance stopped suddenly and the driver of the ambulance applied the brakes. The ambulance was then struck on the rear bumper by a pickup truck. Claimant testified that the impact propelled her forward and her right knee struck the dashboard.

Claimant presented the medical testimony in the form of progress notes from Charles F. Snyder, M.D. and John M. Williams, M.D., her treating physicians.[3] The notes indicate that Claimant was seen by Dr. Snyder on September 9, 1993 and on September 29, 1993. On February 23, 1994, Claimant was seen by Dr. Williams who stated in his notes that Claimant may return to work. Dr. Williams also noted that it was his opinion based on Claimant's history and on the fact that she had no problems with her right knee prior to the accident and that her condition, post-traumatic chondromalac patella, was related to the accident.

---

1. Brown testified that Employer did not carry workers' compensation insurance because it mistakenly thought it was covered under the insurance policy of the Borough of Hellertown.

2. The WCJ permitted Employer to present a defense to the claim petition pending a decision on the adequacy of Employer's excuse for the untimely answer. Employer offered the testimony of three of its other employees.

3. Where a claim for compensation involves a disability of fifty-two weeks or less, medical reports are admissible without the need for sworn testimony. Section 422 of the Workers' Compensation Act (Act), Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 835.

420

On December 30, 1994, the WCJ issued a decision in which he found that although the testimony Employer offered to explain the late filing was credible, it did not constitute a reasonable excuse for a late answer under the Act. Because Employer failed to present a reasonable excuse for the untimely answer, the WCJ did not consider any of the factual evidence offered by Employer. The WCJ found that Claimant was disabled as a result of her work-related injury for the period of August 26, 1993 through February 23, 1994. The WCJ awarded benefits for this period and suspended her benefits as of February 24, 1994. Employer appealed to the Board which affirmed the WCJ. Employer now appeals to this Court.

On appeal, Employer argues (1) the WCJ erred in finding that Employer failed to present an adequate excuse for its untimely answer to the claim petition; (2) the Board erred in failing to consider Employer's additional arguments on appeal; (3) the WCJ failed to make a credibility determination regarding Claimant's testimony and the testimony of her other witnesses; and (4) the WCJ erred in accepting Claimant's medical evidence where that evidence was based on information Claimant provided to the doctor.

■ We first consider Employer's argument that it presented an adequate excuse for its untimely filing. Employer contends that it is a small, non-profit corporation and, at the time the notice was received, did not have the benefit of legal representation. Employer contends that it sought advice from the Department of Labor and Industry and followed the Department's advice by attempting to engage an attorney. Employer contends that the delay was caused by its difficulty in retaining counsel.

Section 416 of the Act, 77 P.S. § 821, provides:

Within fifteen days after a copy of any claim petition or other petition has been served upon an adverse party, he may file with the department or its referee an answer in the form prescribed by the department.

Every fact alleged in a claim petition not specifically denied by an answer so filed by an adverse party shall be deemed to be admitted by him. . . . If a party fails to file an answer and/or fails to appear in person or by counsel at the hearing *without adequate excuse,* the referee hearing the petition shall decide the matter on the basis of the petition and evidence presented.

(Emphasis added.)

There are few reported cases in which this Court has been asked to consider whether a party has offered an adequate excuse for the late filing of an answer. The only case of which we are aware where an adequate excuse for the late filing of an answer was presented is *Abex Corp. v. Workmen's Compensation Appeal Board (Scears),* 665 A.2d 845 (Pa.Cmwlth.1995). In that case, the claimant filed a claim petition but did not mail a copy to the employer. This Court held that the employer had an adequate excuse for failing to file a timely answer to the claim petition because the claimant failed to properly serve the employer with a copy of the petition. This case has little application to the instant case where there is no allegation that Employer did not timely file an answer because Employer did not receive notice that Claimant had filed a claim petition.

We will look for guidance to cases where this Court has considered whether the excuse offered for failure to appear at a hearing was adequate. In *DeMarco v. Workmen's Compensation Appeal Board (Matlack, Inc.),* 101 Pa.Cmwlth. 54, 515 A.2d 629 (1986), the claimant failed to appear at a hearing because he was incarcerated. The referee closed the record and dismissed the claimant's claim petition. On appeal, this Court stated that the claimant's incarceration was relevant, but that fact alone did not constitute adequate excuse for his failure to appear at hearing in person or by counsel. The Court noted that hearing was the third hearing scheduled during the claimant's incarceration and he had twice before requested and was granted continuances to a later date. The Court further noted that the claimant presented no explanation of either his failure to retain counsel to represent him at the hearing, or the extent of his efforts to make

arrangements with prison officials to allow him to be present at the hearing.

In *Gallick v. Workmen's Compensation Appeal Board (Department of Environmental Resources/Bureau of Human Resources Mgmt.)*, 108 Pa.Cmwlth. 617, 530 A.2d 945 (1987), the employer filed a termination petition and ceased making compensation payments to the claimant. The claimant did not appear at a termination hearing either in person or by representative. On appeal, the claimant argued that his lack of transportation, lack of a telephone and lack of funds constituted an adequate excuse for his failure to attend the hearing. The Court disagreed, noting that the claimant had received copy of the employer's petition, notice of the scheduled hearing and his compensation payments were discontinued, all of which gave him sufficient notice that he should have taken some action to protect his rights.

In *Nobles v. Workmen's Compensation Appeal Board*, 49 Pa.Cmwlth. 255, 410 A.2d 971 (1980), the employer filed a termination petition. The claimant failed to appear at a hearing and his attorney advised the referee that he had been unable to contact the claimant and desired to withdraw. The claimant retained new counsel and a second hearing was scheduled for July 5, 1977. Neither the claimant nor his attorney appeared at the hearing and the referee granted the employer's petition. The claimant's attorney appeared later that afternoon and the referee declined to set aside his grant of termination. On appeal, the claimant argued that the following factors constituted adequate excuse for his failure to appear at the hearing: his attorney's delay on July 5th was due to a previous commitment; he was unaware that testimony was taken at the first hearing; his new attorney was unaware of the first hearing, thus believing that the July 5th hearing was the initiation of the termination proceedings; his attorney's belief that dismissals for non-appearance did not occur unless the failure to appear continued through the end of the day's hearings; and that new counsel did not seek a continuance upon being retained

because he wished to abide by the hearing notice limitations as to the time in which to request continuances. This Court concluded that reasons offered by the claimant did not add up to adequate excuse as a matter of law.[4]

In the cases cited above, the Court did not set forth a standard by which an adequate excuse can be measured. Instead, the Court looked to the reasons offered by the claimant for his failure to appear at the hearing and the surrounding circumstances and decided on a case-by-case basis if an adequate excuse was presented. After a careful review of the facts of this case, we conclude that Employer had not offered an adequate excuse. Eugene N. Brown, Jr., Employer's witness, testified that the notice of assignment of the petition was received on November 6, 1993. The notice pertinently provided

> The responding party (not the party filing the petition(s)) should file an answer with the Judge's office at the address below, within fifteen (15) days from the date of this notice. Facts alleged in the petition(s) will be deemed to be admitted unless specifically denied.

Brown testified that he read and reviewed the notice. Therefore, Employer was aware of the necessity of filing an answer by a certain date. Despite this knowledge, Employer did not file an answer. Employer also did not request an extension of time in which to file an answer on the grounds that it had difficulty in retaining an attorney. We find this particularly relevant in view of Brown's testimony that he appeared at the first scheduled hearing and requested a continuance on the basis that his wife had been injured. Although Employer may have had difficulty in retaining an attorney, under the facts of this case, that difficulty does not constitute an adequate excuse for the late filing of its answer.

■■■ Because Employer has failed to file a timely answer to a claim petition, it is precluded from presenting any evidence in

---

4. *See also Straub v. Workmen's Compensation Appeal Board (City of Erie)*, 114 Pa.Cmwlth. 224, 538 A.2d 965 (1988) (where the employer filed its answer ten days in excess of the fifteen day period in Section 416, the excuse offered by the employer, that the petitioner was not prejudiced by the failure to file a timely answer, was not adequate to justify its late filing).

rebuttal or as an affirmative defense; the WCJ may only consider the allegations set forth in the claim petition and additional evidence presented by the claimant. *Greeley v. Workmen's Compensation Appeal Board (Matson Lumber Co.)*, 167 Pa.Cmwlth. 209, 647 A.2d 683 (1994), *petition for allowance of appeal granted*, 540 Pa. 607, 655 A.2d 994 (1995). In her petition, Claimant alleged that she suffered an injury to her right knee during the course of her employment, that she is disabled from that injury and that she gave timely notice to Employer. The allegations in her complaint are thus sufficient to meet her burden of proof.

Employer contends, however, that the WCJ failed to properly evaluate the evidence offered by Claimant. Employer contends that Claimant's testimony is inconsistent and contradicts the allegations in her claim petition. Specifically, Employer argues that Claimant's testimony that the seat belt in the ambulance was not operational contradicts the allegation in her claim petition that she "came out of her seat belt" and struck her knees into the door and the dashboard.

In *Greeley*, this Court stated, "where a claimant presents additional evidence which serves to rebut the allegations in the claim petition and which is accepted by the referee, the referee must determine the weight to be accorded to all the evidence [he] has accepted." *Id.* at 687. The WCJ addressed the seat belt issue as follows:

> Although the parties gave conflicting testimony as to whether or not the claimant's seat belt was operational or in use at the time of the accident we make no finding on whether the seat belt was, in fact, operational as it is apparent that the seat belt was either not operational or improperly fastened. In either event the claimant was injured in the accident.

Finding of Fact No. 7. The WCJ gave no weight to this testimony, finding it irrelevant as to whether the accident had, in fact, occurred.[5]

Based on the above discussion, the order of the Board is affirmed.

### ORDER

AND NOW, this 1st day of March, 1996, the order of the Workmen's Compensation Appeal Board in the above-captioned matter is hereby affirmed.

SMITH, J., dissents.

---

**5.** Employer also contends that the medical report submitted by Claimant contradicts the allegations in her complaint. We have reviewed the medical report and conclude that it is not inconsistent with the allegations in the claim petition

that she suffered an injury to her right knee during the course of her employment when the ambulance in which she was a passenger was struck from behind by another vehicle and, as a result of that injury, she was disabled.